No. 24-5376

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MICHAEL LACEY, *et al.*,
*Defendant-Appellant.*

_____

On Appeal from the United States District Court for the District of
Arizona, The Honorable Diane J. Humetewa, Presiding.
CR No. 2:18-cr-00422-DJH
_____

**APPELLANT'S REPLY IN FURTHER SUPPORT OF APPELLANT'S
<u>EMERGENCY MOTION</u> TO STAY HIS SELF-SURRENDER DATE
PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 8 AND
CIRCUIT RULE 27-3; DECLARATION OF COUNSEL AND EXHIBITS**

_____

Paul J. Cambria
Erin McCampbell Paris
LIPSITZ GREEN SCIME CAMBRIA, LLP
*42 Delaware Ave.*
*Buffalo, NY 14202*
*(716) 849-1333*
*pcambria@lglaw.com*
*eparis@lglaw.com*

*Attorneys for Michael Lacey*

Michael Lacey submits the instant Reply in Further Support of Appellant's Emergency Motion to Stay His Self-Surrender Date ("Motion") (Doc. 3.1). The government's Combined Response ("Response") (Doc. 7.1) has not provided this Court with any basis to deny Lacey's Motion.

## I.  The only requirement for a stay that the government contests – presentation of substantial issues – is easily met here.

The presentation of substantial issues on appeal is easily met here. First, this Court should reject the government's invitation to ignore the District Court's express findings that there are "substantial issues" to be presented by Lacey and his Co-defendants/Appellants (as well as the government's concessions of the same). The record on this issue cannot be ignored on appeal.

At an earlier stage in this prosecution, when Mr. Lacey asserted that he should not be retried on the 34 unresolved counts against him until this Court resolved the appeals of his Co-defendants because those appeals would challenge the very same counts which were outstanding as to him, the District Court's exact words were that "[t]here are **substantial issues** that have to be considered by the Ninth Circuit." (Paris Decl. Ex. S at 9 (emphasis added).) The District Court then elaborated that it was possible that this Court's ruling on the appeals "may change the complexity or . . . what the government may or may not be able to pursue with regard to retrial of the [34] remaining counts against Mr. Lacey" (*id*.) – thereby confirming that the District Court's use of the term "substantial issues" was the same as that term is

1

understood in the context of bail pending appeal, even if she was making this finding in a different context. Subsequently, the District Court stated, again, that, as a result of this Court's ruling on appeal, "it may be that . . . several of those convictions are set aside or remanded back." (Paris Decl. Ex. T at 15.)

The government's efforts to minimize its own concessions should be rejected, too. The government's statements that it would be "inefficient" to retry Lacey until this Court rules on his Co-defendants' appeals is an implied concession that there could be "substantial issues" raised in those appeals. But setting those comments aside, the government submitted a filing stating the government was "concern[ed]" that this Court's ruling on those appeals may, at a minimum, change how this case can be retried. (Paris Repl. Decl. at 2 ("Lacey has expressed concern that if a retrial occurs before the appeal and then the 'Ninth Circuit finds legal error,' the parties would be facing a fourth trial. The United States agrees with this concern.").) If the government had full confidence in the convictions – as it claims here – there would be no need to make such concessions. Instead, as the government stated at sentencing, this "case is a bit of an anomaly" (Paris Decl. Ex. A at 134), and the government's novel theory of liability and the District Court's dozens of rulings on issues of first impression will be tested on appeal.

Second, notwithstanding the District Court's findings and the government's concessions – which should not be ignored – there are a multitude of substantial

issues to be presented on appeal. For example, the CATO Institute, the A.C.L.U., DKT Liberty Project, and Reason Foundation found this prosecution to be so incompatible with the First Amendment that they filed amicus briefs urging dismissal. (Spear Motion, Exs. B-D.) The government has no response for why these filings, alone, do not demonstrate the existence of substantial issues.

More specifically regarding Count 100 – Lacey's sole count of conviction – the government has not even attempted to respond to the substantial issues raised in Lacey's Motion. For example, with respect to concealment:

- The government did not provide a single case affirming a conviction for concealment money laundering (domestic or international) when the defendant had expressed an intent to **reveal** the attributes of the funds to the government through payment of taxes and filing tax forms (both prior to and after the transaction at issue), and then **actually revealed** the attributes of the funds to the federal government through the filing of a tax form.[1] Intent to

---

[1] The government persists with its false claim that the first form reporting the transaction to the government – commonly referred to as an "FBAR" – was "too little, too late." (Resp. at 41.) The record belies this claim. The FBAR was timely filed. Lacey's lawyer wired the funds on January 3, 2017. Like any other economic transaction occurring in tax year 2017, the tax forms related to this transaction were not due until April 15, 2018. *See Report of Foreign Bank and Financial Accounts (FBAR)*, available at: https://www.irs.gov/businesses/small-businesses-self-employed/report-of-foreign-bank-and-financial-accounts-fbar (last visited Nov. 21, 2023) ("The FBAR is an annual report, due April 15 following the calendar year reported. You're allowed an automatic extension to October 15 if you fail to meet

reveal and actual revelation cannot be brushed under the rug when the charge at issue focuses on ***concealment***.

- Moreover, the government cannot explain how this transaction – which was easy for the government's witness to follow – meets the Supreme Court's requirement for "substantial" efforts at concealment. *See Cuellar v. United States*, 553 U.S. 550, 563 (2008). The government's witness conceded that Lacey's name was associated with each bank account (Paris Decl. Ex. M at 62), which means not only that there were no "substantial" efforts at concealment, but that there was no concealment at all. *See United States v. Adefehinti*, 510 F.3d 319, 322-23 (D.C. Cir. 2007) (vacating concealment charges because "simple transactions that can be followed with relative ease" do not establish concealment); *United States v. Johnson*, 440 F.3d 1286, 1293 (11th Cir. 2006) (recognizing that there is no proof of concealment when the case involves "simple and straightforward banking transactions, easily discovered through a cursory review of [the defendant's] bank accounts"); *United States v. Esterman*, 324 F.3d 565, 571 (7th Cir. 2003) (concluding that the "government's

---

the FBAR annual due date of April 15. You don't need to request an extension to file the FBAR."). In April 2018, Lacey's lawyer sought the automatic extension and then timely filed. (Paris Decl. Ex. I at 79, 132.) The undisputed proof is that the first FBAR (and every subsequently filed FBAR), was timely filed.

proof" of concealment "fell short" because all the defendant did was "simply ma[ke] deposits into other bank accounts that were correctly identified").

- The government provided no authority for affirming the District Court's interpretation of the statutory term "conceal" to be defined as "access," when such a statutory interpretation violates this Court's canons of construction as set forth in *A.L.D.F. v. U.S.D.A.*, 933 F.3d 1088 (9th Cir. 2019). Indeed, the District Court recognized that there was no authority for her interpretation (Paris Decl. Ex. O at 52), and that she had defined the term "conceal" differently for the jury (*id*. at 51), but nonetheless applied a new definition in her Rule 29 ruling.

- The government did not address the District Court's erroneous reliance on the movement of funds within the United States, prior to the transfer to Hungary, to uphold the conviction for Count 100, when consideration of such evidence contradicts the Supreme Court's clear guidance that the only transfer that matters in the context of international concealment money laundering is the movement of the funds from inside the United States to another country. *See Cuellar*, 553 U.S. at 562.

  - The government provided no basis to claim that the source of the funds – Backpage revenue – was more concealed after the transaction than before. The funds became associated with Lacey – not Backpage – several

5

transactions **before** the wire to Hungary. (Paris Decl. Ex. J.) There was no evidence about the source of the funds being concealed by the wire to Hungary. Moreover, the government's own exhibit shows that Lacey was associated with the bank account holding the funds before and after the transaction. (Paris Decl. Ex. J.)

In addition to these errors, the government failed to address the District Court's errors in finding that Lacey had the requisite knowledge that the funds at issue were the proceeds of crime. For example, in the Rule 29 Order, the District Court found that Lacey had knowledge that the funds were proceeds because on occasion, elected officials, religious leaders and non-profits had told him that prostitution occurred on the website. (Ex. O at 54-55.) But, then at sentencing, the District Court acknowledged that – notwithstanding that evidence – Lacey had a "**bona fide held belief that what [he was] doing was not illegal**." (Ex. A at 222 (emphasis added).) These inconsistent findings demonstrate that the issue of Lacey's knowledge is "fairly debatable."

Moreover, the purported evidence that the District Court relied upon in the Rule 29 motion not only is insufficient to establish Lacey's knowledge because the District Court's consideration of that evidence violates the First Amendment. Of note, the funds at issue are derived from the sale of ad space on Backpage which was purchased by website users to engage in third-party speech. It is well-settled that

6

"[a]ll speech, press, and associational relationships are presumptively protected by the First Amendment; the burden rests on the Government to establish that *the particular expressions* or relationships are outside its reach." *Bursey v. United States*, 466 F.2d 1059, 1081–82 (9th Cir. 1972) (emphasis added). The government defaulted on its burden because the government admitted no proof that: (1) traced any revenue from any ad to any bank account; (2) linked any of the purported laundered dollars to any ads subjected to the assailed business practices of aggregation, moderation, or reciprocal link programs; or (3) linked any dollar of purported proceeds to any of the charged ads. (Paris Decl. Ex. M at 45-47, 54-55.) This proof is necessary to find that Lacey knew that revenue from the publication of third-party speech was proceeds.

Finally, there are no proceeds. First, as discussed above, the government defaulted on its burden to demonstrate proceeds. Second, the funds at issue here derived from the publication of ads on Backpage after the sale of the website to Ferrer in April 2015. Yet, in acquitting Lacey of all Travel Act counts for ads published post-sale, the District Court ruled that the conspiracy ended at the sale and that no defendant or cooperator could be liable for Travel Act violations for ads published after the sale. (Paris Decl. Ex. O at 40-41.) As a result, the Count 100 funds are not proceeds, and the conviction must be vacated. *See, e.g.*, *United States v. Lichtenberg*, 309 F. App'x 107, 109 (9th Cir. 2009).

7

To be clear, any one of these errors would result in a reversal of Lacey's sole count of conviction, which is what the government said is needed for bail. (U.S. Resp. at 12-13.) Thus, the issues that Mr. Lacey intends to raise are not merely insufficiency of the proof, but rather, proof that is incompatible with a finding of intent to conceal, concealment, knowledge of proceeds, and proceeds as set forth in controlling precedent from this Court and the Supreme Court.

## II. Bail should not be denied based on the length of the prosecution.

There is no reason to deny a brief stay pending full briefing on bail based on the victims and the public waiting for too long. Much of the delay had nothing to do with the defense. For example, in 2018, the government obtained an indictment alleging a conspiracy that began back in 2004. The 50 ads that formed the basis of Travel Act Counts 2-51 (published beginning as early as September 10, 2013) were available on public websites, including Backpage and wayback.archive.org, as soon as the ads were published. As a result, if you believe the government's theory of the case – that those 50 instances of facially lawful third-party speech are sufficient on its own to support Travel Act convictions for the facilitation of prostitution offenses (even when no defendant or cooperator has had any contact with the person who created the ad prior to publication) – then, the government had what it needed to charge the Defendants-Appellants as soon as the ads were published, and yet, did nothing until 2018. Then, although the trial was delayed for approximately 18

months due to the coronavirus pandemic, when the parties proceeded to trial in August 2021, the trial was halted because the government caused a mistrial by introducing highly inflammatory evidence of child-sex trafficking in violation of the District Court's rulings. None of this delay can be attributed to the Defendants/Appellants. Moreover, the length of this case has no bearing on whether a stay is appropriate otherwise bail would never be available in complex cases.

### III. The existence of a jury verdict does not sanitize this appeal of the many reversible errors.

The government's suggestion, embraced by the District Court, that a conviction obtained by jury verdict somehow renders Lacey's appellate issues meritless turns the purpose of appellate review on its head. More importantly, there is no reason to have any confidence in this jury's verdict, as discussed in the Motion and Co-defendants/Appellant's Motions, including, among other things, a jury instruction in direct contravention of the First Amendment.

They way that the verdict was reached was equally problematic. After indicating that they were deadlocked, twice, and the District Court twice gave an *Allen* charge, the jury returned with a verdict that was inconsistent, to say the least. For example, Brunst was convicted of money laundering counts involving Lacey's personal financial transactions, such as Lacey's payment of title insurance on one of his properties, even though there was no proof that Brunst knew about any of those transactions, and the jury returned no verdict against Lacey on those very same

counts. (Paris Repl. Decl. Ex. X at 35-41.) Lacey was convicted of international concealment money laundering in violation of 18 U.S.C. § 1956(a)(2)(B)(i) in Count 100 – a charge requiring the government to prove specific intent to conceal attributes of the funds and knowledge that the funds were the proceeds of crime – even though the jury reached no verdict as to other money laundering counts (Counts 94-99) involving those very same funds. Indeed, the jury reached no verdict on Count 99 – which charged him with money laundering under 18 U.S.C. § 1957 – for the same transfer from the U.S. to Hungary that the jury convicted him of in Count 100. These inconsistencies undermine any confidence in the jury's verdict, particularly when coupled with the reversible errors briefed in the Appellants' Motions.

## CONCLUSION

For these reasons, Mr. Lacey respectfully requests that this Court grant the stay.

Dated: September 10, 2024          **LIPSITZ GREEN SCIME CAMBRIA, LLP**

By: _____*/s/ Erin McCampbell Paris*_____
Erin McCampbell Paris

*Attorneys for Michael Lacey*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed. R. App. P. 27(d)(2)(A) and Ninth Circuit Rule 27-1(1)(d), I certify that this motion brief is proportionally spaced, has a typeface of 14 points, contains approximately 2440 words.

Dated: September 10, 2024        **LIPSITZ GREEN SCIME CAMBRIA, LLP**


By:     */s/ Erin McCampbell Paris*
        Erin McCampbell Paris
        Attorneys for Michael G. Lacey

No. 24-5376

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MICHAEL LACEY, *et al.*,

*Defendant-Appellant.*

_____

On Appeal from the United States District Court for the District of
Arizona, The Honorable Diane J. Humetewa, Presiding.
CR No. 2:18-cr-00422-DJH

_____

**REPLY DECLARATION OF COUNSEL AND EXHIBITS IN FURTHER
SUPPORT OF APPELLANT'S <u>EMERGENCY MOTION</u> TO STAY HIS
SELF-SURRENDER DATE PURSUANT TO FEDERAL RULE OF
APPELLATE PROCEDURE 8 AND CIRCUIT RULE 27-3**

_____

Paul J. Cambria
Erin McCampbell Paris
LIPSITZ GREEN SCIME CAMBRIA, LLP
*42 Delaware Ave.*
*Buffalo, NY 14202*
*(716) 849-1333*
*pcambria@lglaw.com*
*eparis@lglaw.com*

*Attorneys for Michael G. Lacey*

## <u>REPLY DECLARATION OF ERIN MCCAMPBELL PARIS</u>

I, Erin M. Paris, hereby declare and state as follows:

1.      I am an attorney at law, licensed to practice in the State of New York and admitted to practice before this Court.  I am counsel of record for Michael Lacey in the above-captioned appeal.  Unless otherwise stated, I have personal knowledge of the matters in this declaration.

2.      I submit the instant Reply Declaration in Further Support of Mr. Lacey's Emergency Motion to Stay His Self-surrender Date Pursuant to Federal Rule of Appellate Procedure 8 and Circuit Rule 27-3 to provide this Court with two additional exhibits relevant to the Motion.

3.      Attached hereto as **Exhibit W** is a true and correct copy of the United States' Response to Defendant Lacey's and Defendant Spear's Motions to Continue Sentencing, filed on March 29, 2024 (ECF No. 2049).

4.      Attached hereto as **Exhibit X** is a true and correct copy of the Verdict, filed on November 16, 2023 (ECF No. 1978).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 10th day of September, 2024, at Buffalo, New York.

*/s/ Erin McCampbell Paris*
Erin McCampbell Paris

# Exhibit W

1   GARY M. RESTAINO
    United States Attorney
2   District of Arizona

3   KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
    MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
4   PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
    ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
5   Assistant U.S. Attorneys
    40 N. Central Avenue, Suite 1800
6   Phoenix, Arizona 85004-4408
    Telephone (602) 514-7500
7
    DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
8   Special Assistant U.S. Attorney
    312 N. Spring Street, Suite 1400
9   Los Angeles, CA 90012
    Telephone (213) 894-2426
10
    NICOLE M. ARGENTIERI
11  Acting Assistant Attorney General
    Criminal Division, U.S. Department of Justice
12

13  AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
    U.S. Department of Justice
14  Child Exploitation and Obscenity Section
    1301 New York Avenue, NW, 11th Floor
15  Washington, D.C. 20005
    Telephone (202) 412-4136
16  *Attorneys for Plaintiff*

17              **IN THE UNITED STATES DISTRICT COURT**

18                 **FOR THE DISTRICT OF ARIZONA**

19

20  United States of America,                    CR-18-422-PHX-DJH

21                  Plaintiff,            **UNITED STATES' RESPONSE TO
                                          DEFENDANT LACEY'S AND
22          v.                            DEFENDANT SPEAR'S MOTIONS
                                          TO CONTINUE SENTENCING**
23                                        **[Docs. 2046, 2048]**
    Michael Lacey, et al.,
24
                    Defendant.
25

26

27

28

1    Defendant Lacey has attempted to complicate a straightforward issue.  Lacey has

2    expressed a desire for the Ninth Circuit to rule on Defendants' appeals before he is retried.

3    At the January status hearing, the United States informed the Court it was open to this idea,

4    but only if Lacey was first sentenced on his count of conviction (Count 100).  Accordingly,

5    the United States believes the Court should sentence all three convicted Defendants at the

6    same time.   Defendants will then be permitted to raise whatever issues they deem

7    appropriate to the Ninth Circuit.  After the Ninth Circuit issues its mandate, then the United

8    States will determine whether it will proceed to re-try Defendant Lacey or, alternatively,

9    dismiss the remaining charges.

10   **I.      Sentencing Lacey On His Count Of Conviction And Holding Remaining**

11   **Charges In Abeyance Is Supported By Law.**

12       The United States believes the best path forward involves the following simple

13   process: Lacey is sentenced → Lacey appeals → Ninth Circuit issues a mandate → Lacey

14   is either retried on the remaining counts or the United States dismisses the outstanding

15   charges.[1]  This process is both supported by case law and assuages Lacey's concerns.  (Doc.

16   2035 (citing *United States v. Sandford*, 293 F. Supp. 3d 370 (W.D.N.Y. 2018); *United*

17   *States v.* Dusenbery, 246 F. Supp. 2d 802 (N.D. Ohio 2002); United *States Mapp*, 945 F.

18   Supp. 43 (1996); *United States v. Levasseur*, 635 F. Supp. 251 (1986)).)   Lacey has

19   expressed concern that if a retrial occurs before the appeal and then the "Ninth Circuit finds

20   legal error," the parties would be facing a fourth trial.  The United States agrees with this

21   concern.  As the *Levasseur* court wrote, the benefits to the parties are clear in sentencing a

22   defendant on his count(s) of conviction and permitting the appeal to proceed before a

23   retrial: "If the convictions are reversed, there will have been no needless complex and

24   protracted second trial which might also result in a reversal based on the Second Circuit's

25   decision." *Id.* at 254.

26       Lacey, however, appears to want his cake and eat it too.  He wants to delay his

27

28   _____

[1] Should the Ninth Circuit reverse and remand Lacey's conviction on Count 100,
the United States will determine how to proceed regarding that count at that time.

1    sentencing until after Brunst and Spear argue their appeals.  The Court expressed

2    skepticism about this plan at the last status conference.  The United States agrees.  If Lacey

3    wants the appeal to occur before any retrial, then he needs to be sentenced with the other

4    two convicted defendants.

5    **II.    Lacey's and Spear's Arguments For Continuance Aren't Persuasive;**

6    **Sentencings For All Three Defendants Should Occur In Mid-June**

7    Lacey raises several other issues that purport to support his argument for delaying

8    sentencing.  They don't.  First, any potential negotiations to resolve the civil forfeiture

9    action in the Central District of California are separate from Defendants' sentencings in

10   this criminal case.  Similarly, Lacey's argument about the United States' decision not to

11   seek a money judgment is of no consequence.  Indeed, because Lacey's count of conviction

12   involves a discrete transaction, the United States doesn't intend to seek a money judgment

13   with respect to Count 100 now or after any retrial.  No delay is needed.

14   Spear's arguments for a continuance also fall flat.  (Doc. 2048.)  For some reason,

15   Spear cites to the Communications Decency Act as somehow having relevance in

16   determining his applicable guidelines.  This reference is thoroughly confusing to the United

17   States.  In any event, the schedule laid out by Brunst in the recently filed stipulation (Doc.

18   2045) appears to be workable for Spear's counsel, even with his planned trip abroad in

19   May and June.

20   The United States will not respond to all the specific issues raised by Lacey and

21   Spear.  It's unnecessary.  The United States has already stipulated to a brief continuance to

22   Brunst's sentencing hearing—until mid-June.  The United States believes Lacey's and

23   Spear's sentencing hearings should also be moved to that date.  If mid-June doesn't work

24   //

25   //

26   //

27   //

28   //

for counsel, then a mutually agreeable time should be found in or around that same time period.  Sentencing all three Defendants should happen as soon as practicable.

Respectfully submitted this 29th day of March 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/ Andrew C. Stone
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
DAN G. BOYLE
Assistant U.S. Attorneys

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

s/ Gaynell Bunn
Gaynell Bunn
U.S. Attorney's Office

Exhibit X

```
✓ FILED        ___ LODGED
___ RECEIVED   ___ COPY

   NOV 1 6 2023

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

United States of America,

        Plaintiff,

v.

Michael Lacey, et al.,

        Defendants.

No. CR-18-00422-PHX-DJH

**VERDICT**

    We, the Jury, find the defendants, Michael Lacey, Scott Spear, John "Jed" Brunst, Andrew Padilla, and Joye Vaught, as to the charges of the Indictment:

## CONSPIRACY
### 18 U.S.C. § 371
### COUNT 1

| | NOT GUILTY | GUILTY |
|---|---|---|
| Michael Lacey | _____ NOT GUILTY | _____ GUILTY |
| Scott Spear | _____ NOT GUILTY | ✗ GUILTY |
| John "Jed" Brunst | _____ NOT GUILTY | ✗ GUILTY |
| Andrew Padilla | ✗ NOT GUILTY | _____ GUILTY |
| Joye Vaught | ✗ NOT GUILTY | _____ GUILTY |

## Travel Act – Facilitate Prostitution
### 18 U.S.C. § 1952(a)(3)(A)
### COUNTS 2-51

### Count 2:

| Date | Exhibits | State |
|------|----------|-------|
| Sept. 10, 2013 | 212, 212a | Massachusetts |

Michael Lacey     _____ NOT GUILTY     _____ GUILTY

Scott Spear     _____ NOT GUILTY     ___X___ GUILTY

John "Jed" Brunst     ___X___ NOT GUILTY     _____ GUILTY

Andrew Padilla     ___X___ NOT GUILTY     _____ GUILTY

Joye Vaught     ___X___ NOT GUILTY     _____ GUILTY

### Count 3:

| Date | Exhibit | State |
|------|---------|-------|
| Jan. 27, 2014 | 504 | Washington |

Michael Lacey     _____ NOT GUILTY     _____ GUILTY

Scott Spear     _____ NOT GUILTY     ___X___ GUILTY

John "Jed" Brunst     ___X___ NOT GUILTY     _____ GUILTY

Andrew Padilla     ___X___ NOT GUILTY     _____ GUILTY

Joye Vaught     ___X___ NOT GUILTY     _____ GUILTY

**Count 4:**

| Date | Exhibit | State |
|---|---|---|
| Jan. 29, 2014 | 214 | Massachusetts |

Michael Lacey _____ NOT GUILTY _____ GUILTY

Scott Spear _____ NOT GUILTY \_\_\_X\_\_\_ GUILTY

John "Jed" Brunst \_\_X\_\_ NOT GUILTY _____ GUILTY

Andrew Padilla \_\_X\_\_ NOT GUILTY _____ GUILTY

Joye Vaught \_\_X\_\_ NOT GUILTY _____ GUILTY

**Count 5:**

| Date | Exhibit | State |
|---|---|---|
| Jan. 31, 2014 | 214a | New Hampshire |

Michael Lacey _____ NOT GUILTY _____ GUILTY

Scott Spear _____ NOT GUILTY \_\_\_X\_\_\_ GUILTY

John "Jed" Brunst \_\_X\_\_ NOT GUILTY _____ GUILTY

Andrew Padilla \_\_X\_\_ NOT GUILTY _____ GUILTY

Joye Vaught \_\_X\_\_ NOT GUILTY _____ GUILTY

## Count 6:

| Date | Exhibit | State |
|------|---------|-------|
| Feb. 6, 2014 | 505 | Washington |

Michael Lacey    _____ NOT GUILTY    _____ GUILTY

Scott Spear    _____ NOT GUILTY    ✗ GUILTY

John "Jed" Brunst    ✗ NOT GUILTY    _____ GUILTY

Andrew Padilla    ✗ NOT GUILTY    _____ GUILTY

Joye Vaught    ✗ NOT GUILTY    _____ GUILTY

## Count 7:

| Date | Exhibit | State |
|------|---------|-------|
| Apr. 20, 2014 | 506 | Washington |

Michael Lacey    _____ NOT GUILTY    _____ GUILTY

Scott Spear    _____ NOT GUILTY    ✗ GUILTY

John "Jed" Brunst    ✗ NOT GUILTY    _____ GUILTY

Andrew Padilla    ✗ NOT GUILTY    _____ GUILTY

Joye Vaught    ✗ NOT GUILTY    _____ GUILTY

**Count 8:**

| Date | Exhibit | State |
|------|---------|-------|
| May 7, 2014 | 507 | Washington |

Michael Lacey   _____ NOT GUILTY   _____ GUILTY

Scott Spear   _____ NOT GUILTY    X\_\_\_\_\_ GUILTY

John "Jed" Brunst   X\_\_\_\_\_ NOT GUILTY   _____ GUILTY

Andrew Padilla   X\_\_\_\_\_ NOT GUILTY   _____ GUILTY

Joye Vaught   X\_\_\_\_\_ NOT GUILTY   _____ GUILTY

**Count 9:**

| Date | Exhibit | State |
|------|---------|-------|
| May 31, 2014 | 508 | Washington |

Michael Lacey   _____ NOT GUILTY   _____ GUILTY

Scott Spear   _____ NOT GUILTY    X\_\_\_\_\_ GUILTY

John "Jed" Brunst   X\_\_\_\_\_ NOT GUILTY   _____ GUILTY

Andrew Padilla   X\_\_\_\_\_ NOT GUILTY   _____ GUILTY

Joye Vaught   X\_\_\_\_\_ NOT GUILTY   _____ GUILTY

**Count 10:**

| Date | Exhibit | State |
|------|---------|-------|
| July 1, 2014 | 509 | Washington |

| | | |
|---|---|---|
| Michael Lacey | _____ NOT GUILTY | _____ GUILTY |
| Scott Spear | _____ NOT GUILTY | ___X___ GUILTY |
| John "Jed" Brunst | ___X___ NOT GUILTY | _____ GUILTY |
| Andrew Padilla | ___X___ NOT GUILTY | _____ GUILTY |
| Joye Vaught | ___X___ NOT GUILTY | _____ GUILTY |

**Count 11:**

| Date | Exhibit | State |
|------|---------|-------|
| Aug. 19, 2014 | 510 | Washington |

| | | |
|---|---|---|
| Michael Lacey | _____ NOT GUILTY | _____ GUILTY |
| Scott Spear | _____ NOT GUILTY | ___X___ GUILTY |
| John "Jed" Brunst | ___X___ NOT GUILTY | _____ GUILTY |
| Andrew Padilla | ___X___ NOT GUILTY | _____ GUILTY |
| Joye Vaught | ___X___ NOT GUILTY | _____ GUILTY |

**Count 12:**

| Date | Exhibit | State |
|------|---------|-------|
| Nov. 23, 2014 | 215a | California |

Michael Lacey     _____ NOT GUILTY     _____ GUILTY

Scott Spear     _____ NOT GUILTY       X   GUILTY

John "Jed" Brunst       X   NOT GUILTY     _____ GUILTY

Andrew Padilla       X   NOT GUILTY     _____ GUILTY

Joye Vaught       X   NOT GUILTY     _____ GUILTY

**Count 13:**

| Date | Exhibit | State |
|------|---------|-------|
| Jan 29, 2015 | 217a | California |

Michael Lacey     _____ NOT GUILTY     _____ GUILTY

Scott Spear     _____ NOT GUILTY       X   GUILTY

John "Jed" Brunst       X   NOT GUILTY     _____ GUILTY

Andrew Padilla       X   NOT GUILTY     _____ GUILTY

Joye Vaught       X   NOT GUILTY     _____ GUILTY

**Count 14:**

| Date | Exhibit | State |
|------|---------|-------|
| Jan. 31, 2015 | 215 | Arizona |

| | | |
|---|---|---|
| Michael Lacey | _____ NOT GUILTY | _____ GUILTY |
| Scott Spear | _____ NOT GUILTY | ___X___ GUILTY |
| John "Jed" Brunst | __X__ NOT GUILTY | _____ GUILTY |
| Andrew Padilla | __X__ NOT GUILTY | _____ GUILTY |
| Joye Vaught | __X__ NOT GUILTY | _____ GUILTY |

**Count 15:**

| Date | Exhibit | State |
|------|---------|-------|
| Jan. 31, 2015 | 217 | Arizona |

| | | |
|---|---|---|
| Michael Lacey | _____ NOT GUILTY | _____ GUILTY |
| Scott Spear | _____ NOT GUILTY | ___X___ GUILTY |
| John "Jed" Brunst | __X__ NOT GUILTY | _____ GUILTY |
| Andrew Padilla | __X__ NOT GUILTY | _____ GUILTY |
| Joye Vaught | __X__ NOT GUILTY | _____ GUILTY |

**Count 16:**

| Date | Exhibit | State |
|------|---------|-------|
| Feb. 4, 2015 | 216 | Colorado |

Michael Lacey       _____ NOT GUILTY       _____ GUILTY

Scott Spear       _____ NOT GUILTY       \_\_\_X\_\_\_ GUILTY

John "Jed" Brunst       \_\_\_X\_\_\_ NOT GUILTY       _____ GUILTY

Andrew Padilla       \_\_\_X\_\_\_ NOT GUILTY       _____ GUILTY

Joye Vaught       \_\_\_X\_\_\_ NOT GUILTY       _____ GUILTY

**Count 17:**

| Date | Exhibit | State |
|------|---------|-------|
| Feb. 18, 2015 | 216a | Colorado |

Michael Lacey       _____ NOT GUILTY       _____ GUILTY

Scott Spear       _____ NOT GUILTY       \_\_\_X\_\_\_ GUILTY

John "Jed" Brunst       \_\_\_X\_\_\_ NOT GUILTY       _____ GUILTY

Andrew Padilla       \_\_\_X\_\_\_ NOT GUILTY       _____ GUILTY

Joye Vaught       \_\_\_X\_\_\_ NOT GUILTY       _____ GUILTY

**Count 18:**

| Date | Exhibit | State |
|---|---|---|
| Feb. 26, 2015 | 511 | Washington |

Michael Lacey   _____ NOT GUILTY   _____ GUILTY

Scott Spear   _____ NOT GUILTY   X GUILTY

John "Jed" Brunst   X NOT GUILTY   _____ GUILTY

Andrew Padilla   X NOT GUILTY   _____ GUILTY

Joye Vaught   X NOT GUILTY   _____ GUILTY

**Count 19:**

| Date | Exhibit | State |
|---|---|---|
| May 18, 2015 | 220 | Texas |

Michael Lacey   _____ NOT GUILTY   _____ GUILTY

Scott Spear   X NOT GUILTY   ~~~~~ GUILTY

John "Jed" Brunst   X NOT GUILTY   _____ GUILTY

Andrew Padilla   X NOT GUILTY   _____ GUILTY

Joye Vaught   X NOT GUILTY   _____ GUILTY

- 10 -

**Count 20:**

| Date | Exhibit | State |
|------|---------|-------|
| May 19, 2015 | 220a | Texas |

Michael Lacey     _____ NOT GUILTY      _____ GUILTY

Scott Spear      ___X___ NOT GUILTY      ~~_____~~ GUILTY

John "Jed" Brunst      ___X___ NOT GUILTY      _____ GUILTY

Andrew Padilla      ___X___ NOT GUILTY      _____ GUILTY

Joye Vaught      ___X___ NOT GUILTY      _____ GUILTY

**Count 21:**

| Date | Exhibit | State |
|------|---------|-------|
| July 1, 2015 | 222 | Arizona |

Michael Lacey     _____ NOT GUILTY      _____ GUILTY

Scott Spear      ___X___ NOT GUILTY      ~~_____~~ GUILTY

John "Jed" Brunst      ___X___ NOT GUILTY      _____ GUILTY

Andrew Padilla      ___X___ NOT GUILTY      _____ GUILTY

Joye Vaught      ___X___ NOT GUILTY      _____ GUILTY

**Count 22:**

| Date | Exhibit | State |
|------|---------|-------|
| July 2, 2015 | 222a | Arizona |

Michael Lacey     _____ NOT GUILTY      _____ GUILTY

Scott Spear      ___X___ NOT GUILTY      ~~____~~ GUILTY

John "Jed" Brunst      ___X___ NOT GUILTY      _____ GUILTY

Andrew Padilla      ___X___ NOT GUILTY      _____ GUILTY

Joye Vaught      ___X___ NOT GUILTY      _____ GUILTY

**Count 23:**

| Date | Exhibit | State |
|------|---------|-------|
| Aug. 13, 2015 | 218 | California |

Michael Lacey     _____ NOT GUILTY      _____ GUILTY

Scott Spear      ___X___ NOT GUILTY      ~~____~~ GUILTY

John "Jed" Brunst      ___X___ NOT GUILTY      _____ GUILTY

Andrew Padilla      ___X___ NOT GUILTY      _____ GUILTY

Joye Vaught      ___X___ NOT GUILTY      _____ GUILTY

1

2 **Count 24:**

3

4
| Date | Exhibit | State |
|------|---------|-------|
| Aug. 15, 2015 | 221 | Michigan |

5

6

Michael Lacey      _____ NOT GUILTY      _____ GUILTY

7 Scott Spear      ___X___ NOT GUILTY      _____ GUILTY

8 John "Jed" Brunst      ___X___ NOT GUILTY      _____ GUILTY

9 Andrew Padilla      ___X___ NOT GUILTY      _____ GUILTY

10 Joye Vaught      ___X___ NOT GUILTY      _____ GUILTY

11

12 **Count 25:**

13

14
| Date | Exhibit | State |
|------|---------|-------|
| Sept. 13, 2015 | 512 | Washington |

15

16

Michael Lacey      _____ NOT GUILTY      _____ GUILTY

17 Scott Spear      ___X___ NOT GUILTY      _____ GUILTY

18 John "Jed" Brunst      ___X___ NOT GUILTY      _____ GUILTY

19 Andrew Padilla      ___X___ NOT GUILTY      _____ GUILTY

20 Joye Vaught      ___X___ NOT GUILTY      _____ GUILTY

21

22

23

24

25

26

27

28

- 13 -

1

2  **Count 26:**

3

| Date | Exhibit | State |
|------|---------|-------|
| Nov. 28, 2015 | 513 | Washington |

Michael Lacey          _____ NOT GUILTY          _____ GUILTY

Scott Spear          \_\_X\_\_ NOT GUILTY          _____ GUILTY

John "Jed" Brunst          \_\_X\_\_ NOT GUILTY          _____ GUILTY

Andrew Padilla          \_\_X\_\_ NOT GUILTY          _____ GUILTY

Joye Vaught          \_\_X\_\_ NOT GUILTY          _____ GUILTY

**Count 27:**

| Date | Exhibit | State |
|------|---------|-------|
| Apr. 21, 2016 | 1718 | Massachusetts |

Michael Lacey          _____ NOT GUILTY          _____ GUILTY

Scott Spear          \_\_X\_\_ NOT GUILTY          _____ GUILTY

John "Jed" Brunst          \_\_X\_\_ NOT GUILTY          _____ GUILTY

Andrew Padilla          \_\_X\_\_ NOT GUILTY          _____ GUILTY

Joye Vaught          \_\_X\_\_ NOT GUILTY          _____ GUILTY

- 14 -

**Count 28:**

| Date | Exhibit | State |
|------|---------|-------|
| Nov. 3, 2016 | 1719 | Washington |

Michael Lacey       _____ NOT GUILTY       _____ GUILTY

Scott Spear       __X__ NOT GUILTY       _____ GUILTY

John "Jed" Brunst       __X__ NOT GUILTY       _____ GUILTY

Andrew Padilla       __X__ NOT GUILTY       _____ GUILTY

Joye Vaught       __X__ NOT GUILTY       _____ GUILTY

**Count 29:**

| Date | Exhibit | State |
|------|---------|-------|
| Nov. 11, 2016 | 1720 | Massachusetts |

Michael Lacey       _____ NOT GUILTY       _____ GUILTY

Scott Spear       __X__ NOT GUILTY       _____ GUILTY

John "Jed" Brunst       __X__ NOT GUILTY       _____ GUILTY

Andrew Padilla       __X__ NOT GUILTY       _____ GUILTY

Joye Vaught       __X__ NOT GUILTY       _____ GUILTY

**Count 30:**

| Date | Exhibit | State |
|------|---------|-------|
| Nov. 14, 2016 | 1721 | Massachusetts |

| | | |
|---|---|---|
| Michael Lacey | _____ NOT GUILTY | _____ GUILTY |
| Scott Spear | ___X___ NOT GUILTY | _____ GUILTY |
| John "Jed" Brunst | ___X___ NOT GUILTY | _____ GUILTY |
| Andrew Padilla | ___X___ NOT GUILTY | _____ GUILTY |
| Joye Vaught | ___X___ NOT GUILTY | _____ GUILTY |

**Count 31:**

| Date | Exhibit | State |
|------|---------|-------|
| Nov. 14, 2016 | 1735 | Arizona |

| | | |
|---|---|---|
| Michael Lacey | _____ NOT GUILTY | _____ GUILTY |
| Scott Spear | ___X___ NOT GUILTY | _____ GUILTY |
| John "Jed" Brunst | ___X___ NOT GUILTY | _____ GUILTY |
| Andrew Padilla | ___X___ NOT GUILTY | _____ GUILTY |
| Joye Vaught | ___X___ NOT GUILTY | _____ GUILTY |

1

2      **Count 32:**

3

4
| Date          | Exhibit | State     |
|---------------|---------|-----------|
| Nov. 19, 2016 | 1722    | Louisiana |

5

6      Michael Lacey          _____ NOT GUILTY          _____ GUILTY

7      Scott Spear            ___X___ NOT GUILTY          _____ GUILTY

8      John "Jed" Brunst      ___X___ NOT GUILTY          _____ GUILTY

9      Andrew Padilla         ___X___ NOT GUILTY          _____ GUILTY

10     Joye Vaught            ___X___ NOT GUILTY          _____ GUILTY

11

12     **Count 33:**

13

14
| Date          | Exhibit | State         |
|---------------|---------|---------------|
| Nov. 24, 2016 | 1723    | Massachusetts |

15

16     Michael Lacey          _____ NOT GUILTY          _____ GUILTY

17     Scott Spear            ___X___ NOT GUILTY          _____ GUILTY

18     John "Jed" Brunst      ___X___ NOT GUILTY          _____ GUILTY

19     Andrew Padilla         ___X___ NOT GUILTY          _____ GUILTY

20     Joye Vaught            ___X___ NOT GUILTY          _____ GUILTY

21

22

23

24

25

26

27

28

**Count 34:**

| Date | Exhibit | State |
|------|---------|-------|
| Nov. 26, 2016 | 1724 | California |

Michael Lacey     _____ NOT GUILTY     _____ GUILTY

Scott Spear         ✗_____ NOT GUILTY     _____ GUILTY

John "Jed" Brunst    ✗_____ NOT GUILTY     _____ GUILTY

Andrew Padilla     ✗_____ NOT GUILTY     _____ GUILTY

Joye Vaught        ✗_____ NOT GUILTY     _____ GUILTY

**Count 35:**

| Date | Exhibit | State |
|------|---------|-------|
| Dec. 20, 2016 | 1725 | Massachusetts |

Michael Lacey     _____ NOT GUILTY     _____ GUILTY

Scott Spear         ✗_____ NOT GUILTY     _____ GUILTY

John "Jed" Brunst    ✗_____ NOT GUILTY     _____ GUILTY

Andrew Padilla     ✗_____ NOT GUILTY     _____ GUILTY

Joye Vaught        ✗_____ NOT GUILTY     _____ GUILTY

**Count 36:**

| Date | Exhibit | State |
|------|---------|-------|
| Jan. 15, 2017 | 1726 | Nevada |

Michael Lacey         _____ NOT GUILTY         _____ GUILTY

Scott Spear            X_____ NOT GUILTY         _____ GUILTY

John "Jed" Brunst      X_____ NOT GUILTY         _____ GUILTY

Andrew Padilla        X_____ NOT GUILTY         _____ GUILTY

Joye Vaught           X_____ NOT GUILTY         _____ GUILTY

**Count 37:**

| Date | Exhibit | State |
|------|---------|-------|
| Apr. 4, 2017 | 1727 | Massachusetts |

Michael Lacey         _____ NOT GUILTY         _____ GUILTY

Scott Spear            X_____ NOT GUILTY         _____ GUILTY

John "Jed" Brunst      X_____ NOT GUILTY         _____ GUILTY

Andrew Padilla        X_____ NOT GUILTY         _____ GUILTY

Joye Vaught           X_____ NOT GUILTY         _____ GUILTY

**Count 38:**

| Date | Exhibit | State |
|------|---------|-------|
| Apr. 11, 2017 | 1728 | Ohio |

Michael Lacey     _____ NOT GUILTY     _____ GUILTY

Scott Spear     \_\_\_X\_\_\_ NOT GUILTY     _____ GUILTY

John "Jed" Brunst     \_\_\_X\_\_\_ NOT GUILTY     _____ GUILTY

Andrew Padilla     \_\_\_X\_\_\_ NOT GUILTY     _____ GUILTY

Joye Vaught     \_\_\_X\_\_\_ NOT GUILTY     _____ GUILTY

**Count 39:**

| Date | Exhibit | State |
|------|---------|-------|
| July 3, 2017 | 1729 | Alabama |

Michael Lacey     _____ NOT GUILTY     _____ GUILTY

Scott Spear     \_\_\_X\_\_\_ NOT GUILTY     _____ GUILTY

John "Jed" Brunst     \_\_\_X\_\_\_ NOT GUILTY     _____ GUILTY

Andrew Padilla     \_\_\_X\_\_\_ NOT GUILTY     _____ GUILTY

Joye Vaught     \_\_\_X\_\_\_ NOT GUILTY     _____ GUILTY

**Count 40:**

| Date | Exhibit | State |
|------|---------|-------|
| July 15, 2017 | 1730 | Massachusetts |

Michael Lacey     _____ NOT GUILTY     _____ GUILTY

Scott Spear     __X__ NOT GUILTY     _____ GUILTY

John "Jed" Brunst     __X__ NOT GUILTY     _____ GUILTY

Andrew Padilla     __x__ NOT GUILTY     _____ GUILTY

Joye Vaught     __X__ NOT GUILTY     _____ GUILTY

**Count 41:**

| Date | Exhibit | State |
|------|---------|-------|
| July 15, 2017 | 1731 | Arkansas |

Michael Lacey     _____ NOT GUILTY     _____ GUILTY

Scott Spear     __X__ NOT GUILTY     _____ GUILTY

John "Jed" Brunst     __X__ NOT GUILTY     _____ GUILTY

Andrew Padilla     __X__ NOT GUILTY     _____ GUILTY

Joye Vaught     __X__ NOT GUILTY     _____ GUILTY

**Count 42:**

| Date | Exhibit | State |
|------|---------|-------|
| July 21, 2017 | 1732 | Ohio |

Michael Lacey      _____ NOT GUILTY      _____ GUILTY

Scott Spear      __X__ NOT GUILTY      _____ GUILTY

John "Jed" Brunst      __X__ NOT GUILTY      _____ GUILTY

Andrew Padilla      __X__ NOT GUILTY      _____ GUILTY

Joye Vaught      __X__ NOT GUILTY      _____ GUILTY

**Count 43:**

| Date | Exhibit | State |
|------|---------|-------|
| July 23, 2017 | 1733 | Massachusetts |

Michael Lacey      _____ NOT GUILTY      _____ GUILTY

Scott Spear      __X__ NOT GUILTY      _____ GUILTY

John "Jed" Brunst      __X__ NOT GUILTY      _____ GUILTY

Andrew Padilla      __X__ NOT GUILTY      _____ GUILTY

Joye Vaught      __X__ NOT GUILTY      _____ GUILTY

**Count 44:**

| Date | Exhibit | State |
|------|---------|-------|
| Jan. 26, 2018 | 223 | Michigan |

Michael Lacey      _____ NOT GUILTY      _____ GUILTY

Scott Spear        \_\_X\_\_\_ NOT GUILTY      _____ GUILTY

John "Jed" Brunst    \_\_X\_\_\_ NOT GUILTY      _____ GUILTY

Andrew Padilla      \_\_X\_\_\_ NOT GUILTY      _____ GUILTY

Joye Vaught        \_\_X\_\_\_ NOT GUILTY      _____ GUILTY

**Count 45:**

| Date | Exhibit | State |
|------|---------|-------|
| Jan. 30, 2018 | 224 | New York |

Michael Lacey      _____ NOT GUILTY      _____ GUILTY

Scott Spear        \_\_X\_\_\_ NOT GUILTY      _____ GUILTY

John "Jed" Brunst    \_\_X\_\_\_ NOT GUILTY      _____ GUILTY

Andrew Padilla      \_\_X\_\_\_ NOT GUILTY      _____ GUILTY

Joye Vaught        \_\_X\_\_\_ NOT GUILTY      _____ GUILTY

**Count 46:**

| Date | Exhibit | State |
|------|---------|-------|
| Jan. 31, 2018 | 225 | New York |

| | | |
|---|---|---|
| Michael Lacey | _____ NOT GUILTY | _____ GUILTY |
| Scott Spear | ___X___ NOT GUILTY | _____ GUILTY |
| John "Jed" Brunst | ___X___ NOT GUILTY | _____ GUILTY |
| Andrew Padilla | ___X___ NOT GUILTY | _____ GUILTY |
| Joye Vaught | ___X___ NOT GUILTY | _____ GUILTY |

**Count 47:**

| Date | Exhibit | State |
|------|---------|-------|
| Jan. 30, 2018 | 226 | New York |

| | | |
|---|---|---|
| Michael Lacey | _____ NOT GUILTY | _____ GUILTY |
| Scott Spear | ___X___ NOT GUILTY | _____ GUILTY |
| John "Jed" Brunst | ___X___ NOT GUILTY | _____ GUILTY |
| Andrew Padilla | ___X___ NOT GUILTY | _____ GUILTY |
| Joye Vaught | ___X___ NOT GUILTY | _____ GUILTY |

**Count 48:**

| Date | Exhibit | State |
|------|---------|-------|
| Jan. 31, 2018 | 227 | Florida |

Michael Lacey     _____ NOT GUILTY      _____ GUILTY

Scott Spear      \_\_\_X\_\_\_ NOT GUILTY      _____ GUILTY

John "Jed" Brunst      \_\_\_X\_\_\_ NOT GUILTY      _____ GUILTY

Andrew Padilla      \_\_\_X\_\_\_ NOT GUILTY      _____ GUILTY

Joye Vaught      \_\_\_X\_\_\_ NOT GUILTY      _____ GUILTY

**Count 49:**

| Date | Exhibit | State |
|------|---------|-------|
| Feb. 1, 2018 | 228 | Nevada |

Michael Lacey     _____ NOT GUILTY      _____ GUILTY

Scott Spear      \_\_\_X\_\_\_ NOT GUILTY      _____ GUILTY

John "Jed" Brunst      \_\_\_X\_\_\_ NOT GUILTY      _____ GUILTY

Andrew Padilla      \_\_\_X\_\_\_ NOT GUILTY      _____ GUILTY

Joye Vaught      \_\_\_X\_\_\_ NOT GUILTY      _____ GUILTY

**Count 50:**

| Date | Exhibit | State |
|------|---------|-------|
| Feb. 6, 2018 | 229 | Texas |

Michael Lacey        _____ NOT GUILTY        _____ GUILTY

Scott Spear           \_\_\_X\_\_\_ NOT GUILTY        _____ GUILTY

John "Jed" Brunst     \_\_\_X\_\_\_ NOT GUILTY        _____ GUILTY

Andrew Padilla       \_\_\_X\_\_\_ NOT GUILTY        _____ GUILTY

Joye Vaught          \_\_\_X\_\_\_ NOT GUILTY        _____ GUILTY

**Count 51:**

| Date | Exhibit | State |
|------|---------|-------|
| Feb. 6, 2018 | 230 | New York |

Michael Lacey        _____ NOT GUILTY        _____ GUILTY

Scott Spear           \_\_\_X\_\_\_ NOT GUILTY        _____ GUILTY

John "Jed" Brunst     \_\_\_X\_\_\_ NOT GUILTY        _____ GUILTY

Andrew Padilla       \_\_\_X\_\_\_ NOT GUILTY        _____ GUILTY

Joye Vaught          \_\_\_X\_\_\_ NOT GUILTY        _____ GUILTY

**Conspiracy To Commit Money Laundering**
**18 U.S.C. § 1956(h)**
**COUNT 52**

Michael Lacey        _____ NOT GUILTY        _____ GUILTY

Scott Spear           _____ NOT GUILTY       \_\_\_X\_\_\_ GUILTY

John "Jed" Brunst     _____ NOT GUILTY       \_\_\_X\_\_\_ GUILTY

**Concealment Money Laundering**
**18 U.S.C. § 1956(a)(1)(B)(i)**
**COUNT 53-62**

<u>Count 53:</u>

| Date | Amount | Description |
|------|--------|-------------|
| May 18, 2016 | $1,476,505.00 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey     _____ NOT GUILTY     _____ GUILTY

Scott Spear     _____ NOT GUILTY     \_\_X\_\_\_\_ GUILTY

John "Jed" Brunst     _____ NOT GUILTY     \_\_X\_\_\_\_ GUILTY

<u>Count 54:</u>

| Date | Amount | Description |
|------|--------|-------------|
| May 18, 2016 | $264,438.00 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey     _____ NOT GUILTY     _____ GUILTY

Scott Spear     _____ NOT GUILTY     \_\_X\_\_\_\_ GUILTY

John "Jed" Brunst     _____ NOT GUILTY     \_\_X\_\_\_\_ GUILTY

**Count 55:**

| Date | Amount | Description |
|------|--------|-------------|
| May 31, 2016 | $3,171,675.80 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey          _____ NOT GUILTY          _____ GUILTY

Scott Spear            _____ NOT GUILTY          ___✗___ GUILTY

John "Jed" Brunst      _____ NOT GUILTY          ___✗___ GUILTY

**Count 56:**

| Date | Amount | Description |
|------|--------|-------------|
| May 31, 2016 | $432,961.87 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey          _____ NOT GUILTY          _____ GUILTY

Scott Spear            _____ NOT GUILTY          ___✗___ GUILTY

John "Jed" Brunst      _____ NOT GUILTY          ___✗___ GUILTY

- 28 -

**Count 57:**

| Date | Amount | Description |
|------|--------|-------------|
| June 20, 2016 | $842,878.00 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey      _____ NOT GUILTY      _____ GUILTY

Scott Spear      _____ NOT GUILTY      __X__ GUILTY

John "Jed" Brunst      _____ NOT GUILTY      __X__ GUILTY

**Count 58:**

| Date | Amount | Description |
|------|--------|-------------|
| June 30, 2016 | $3,076,147.75 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey      _____ NOT GUILTY      _____ GUILTY

Scott Spear      _____ NOT GUILTY      __X__ GUILTY

John "Jed" Brunst      _____ NOT GUILTY      __X__ GUILTY

**Count 59:**

| Date | Amount | Description |
|------|--------|-------------|
| July 27, 2016 | $3,252,681.62 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey       _____ NOT GUILTY       _____ GUILTY

Scott Spear       _____ NOT GUILTY       \_\_✕\_\_ GUILTY

John "Jed" Brunst       _____ NOT GUILTY       \_\_✕\_\_ GUILTY

**Count 60:**

| Date | Amount | Description |
|------|--------|-------------|
| July 27, 2016 | $438,818.86 | Website Technologies (x2008) to Cereus Properties (x6211) · |

Michael Lacey       _____ NOT GUILTY       _____ GUILTY

Scott Spear       _____ NOT GUILTY       \_\_✕\_\_ GUILTY

John "Jed" Brunst       _____ NOT GUILTY       \_\_✕\_\_ GUILTY

**Count 61:**

| Date | Amount | Description |
|------|--------|-------------|
| Aug. 16, 2016 | $804,250.00 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey        _____ NOT GUILTY        _____ GUILTY

Scott Spear        _____ NOT GUILTY        ___X___ GUILTY

John "Jed" Brunst        _____ NOT GUILTY        ___X___ GUILTY

**Count 62:**

| Date | Amount | Description |
|------|--------|-------------|
| Aug. 31, 2016 | $3,171,264.42 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey        _____ NOT GUILTY        _____ GUILTY

Scott Spear        _____ NOT GUILTY        ___X___ GUILTY

John "Jed" Brunst        _____ NOT GUILTY        ___X___ GUILTY

## International Promotional Money Laundering
### 18 U.S.C. § 1956(a)(2)(A)
### COUNT 63-68

### Count 63:

| Date | Amount | Description |
|------|--------|-------------|
| Mar. 4, 2014 | $6,450.00 | U.S. Bank (x1165) to S.B. (web developer in India) |

Michael Lacey     __X__ NOT GUILTY     _____ GUILTY

Scott Spear     __X__ NOT GUILTY     _____ GUILTY

John "Jed" Brunst     __X__ NOT GUILTY     _____ GUILTY

### Count 64:

| Date | Amount | Description |
|------|--------|-------------|
| Aug. 5, 2016 | $5,005,732.86 | Ad Tech B.V. (Netherlands) to Cereus Properties (x6211) |

Michael Lacey     _____ NOT GUILTY     _____ GUILTY

Scott Spear     __X__ NOT GUILTY     _____ GUILTY

John "Jed" Brunst     _____ NOT GUILTY     __X__ GUILTY

- 32 -

**Count 65:**

| Date | Amount | Description |
|------|--------|-------------|
| Sept. 22, 2016 | $2,916,955.00 | Ad Tech B.V. (Netherlands) to Cereus Properties (x6211) |

Michael Lacey         _____ NOT GUILTY        _____ GUILTY

Scott Spear         ___X___ NOT GUILTY        _____ GUILTY

John "Jed" Brunst       _____ NOT GUILTY       ___X___ GUILTY

**Count 66:**

| Date | Amount | Description |
|------|--------|-------------|
| Oct. 3, 2016 | $354,050.84 | Ad Tech B.V. (Netherlands) to Cereus Properties (x6211) |

Michael Lacey         _____ NOT GUILTY        _____ GUILTY

Scott Spear         ___X___ NOT GUILTY        _____ GUILTY

John "Jed" Brunst       _____ NOT GUILTY       ___X___ GUILTY

**Count 67:**

| Date | Amount | Description |
|------|--------|-------------|
| Nov. 2, 2016 | $2,726,170.00 | Ad Tech B.V. (Netherlands) to Cereus Properties (x6211) |

Michael Lacey        _____ NOT GUILTY        _____ GUILTY

Scott Spear        \_\_\_X\_\_\_ NOT GUILTY        _____ GUILTY

John "Jed" Brunst        _____ NOT GUILTY        \_\_X\_\_\_ GUILTY

**Count 68:**

| Date | Amount | Description |
|------|--------|-------------|
| Nov. 15, 2016 | $351,403.54 | Ad Tech B.V. (Netherlands) to Cereus Properties (x6211) |

Michael Lacey        _____ NOT GUILTY        _____ GUILTY

Scott Spear        \_\_\_X\_\_\_ NOT GUILTY        _____ GUILTY

John "Jed" Brunst        _____ NOT GUILTY        \_\_X\_\_\_ GUILTY

**Transactional Money Laundering**
**18 U.S.C. § 1957(a)**
**COUNT 69-99**

<u>Count 69:</u>

| Date | Amount | Description |
|------|--------|-------------|
| Aug. 21, 2013 | $30,000.00 | Bank of America (x9463) to Stewart Title (partial payment for Sedona property) |

Michael Lacey          _____ NOT GUILTY          _____ GUILTY

John "Jed" Brunst          _____ NOT GUILTY          ☒ GUILTY

<u>Count 70:</u>

| Date | Amount | Description |
|------|--------|-------------|
| Sept. 13, 2013 | $62,491.47 | BMO Harris (x1793) to Stewart Title (partial payment for Sedona property) |

Michael Lacey          _____ NOT GUILTY          _____ GUILTY

John "Jed" Brunst          _____ NOT GUILTY          ☒ GUILTY

<u>Count 71:</u>

| Date | Amount | Description |
|------|--------|-------------|
| June 11, 2014 | $300,000.00 | National Bank of Arizona (x0178) to Spear Family Trust |

Scott Spear          _____ NOT GUILTY          ☒ GUILTY

- 35 -

**Count 72:**

| Date | Amount | Description |
|---|---|---|
| June 20, 2014 | $200,000.00 | National Bank of Arizona (x0178) to TD Ameritrade |

Scott Spear    _____ NOT GUILTY    ☒ GUILTY

**Count 73:**

| Date | Amount | Description |
|---|---|---|
| Nov. 4, 2014 | $1,000,000.00 | National Bank of Arizona (x0178) to USB Financial |

Scott Spear    _____ NOT GUILTY    ☒ GUILTY

**Count 74:**

| Date | Amount | Description |
|---|---|---|
| May 14, 2015 | $250,000.00 | National Bank of Arizona (x0178) to Lincoln National Life |

Scott Spear    _____ NOT GUILTY    ☒ GUILTY

**Count 75:**

| Date | Amount | Description |
|---|---|---|
| May 26, 2015 | $50,000.00 | National Bank of Arizona (x0178) to Industrial Property Trust |

Scott Spear    _____ NOT GUILTY    ☒ GUILTY

**Count 76:**

| Date | Amount | Description |
|------|--------|-------------|
| Nov. 3, 2015 | $300,000.00 | National Bank of Arizona (x0178) to Ally Bank |

Scott Spear          _____ NOT GUILTY          ___X___ GUILTY

**Count 77:**

| Date | Amount | Description |
|------|--------|-------------|
| Dec. 1, 2015 | $200,000.00 | National Bank of Arizona (x0178) to Wells Fargo |

Scott Spear          _____ NOT GUILTY          ___X___ GUILTY

**Count 78:**

| Date | Amount | Description |
|------|--------|-------------|
| Jan. 11, 2016 | $133,045.00 | Cereus Properties (x6211) to National Bank of Arizona (x0178) |

Scott Spear          _____ NOT GUILTY          ___X___ GUILTY

John "Jed" Brunst          _____ NOT GUILTY          ___X___ GUILTY

- 37 -

**Count 79:**

| Date | Amount | Description |
|---|---|---|
| Jan. 26, 2016 | $101,974.00 | Cereus Properties (x6211) to Wells Fargo (x4891) |

John "Jed" Brunst     _____ NOT GUILTY      X\_\_\_\_\_ GUILTY

**Count 80:**

| Date | Amount | Description |
|---|---|---|
| Feb. 3, 2016 | $1,507,944.00 | Cereus Properties (x6211) to Charles Schwab |

John "Jed" Brunst     _____ NOT GUILTY      X\_\_\_\_\_ GUILTY

**Count 81:**

| Date | Amount | Description |
|---|---|---|
| Mar. 1, 2016 | $1,692,020.00 | Cereus Properties (x6211) to Bank of America (x5554) |

Michael Lacey     _____ NOT GUILTY      \_\_\_\_\_ GUILTY

John "Jed" Brunst     _____ NOT GUILTY      X\_\_\_\_\_ GUILTY

**Count 82:**

| Date | Amount | Description |
|---|---|---|
| Apr. 1, 2016 | $220,944.00 | Cereus Properties (x6211) to Wells Fargo (x4891) |

John "Jed" Brunst     _____ NOT GUILTY      X\_\_\_\_\_ GUILTY

- 38 -

**Count 83:**

| Date | Amount | Description |
|---|---|---|
| June 27, 2016 | $397,500.00 | Arizona Bank & Trust (x1793) to Fidelity Title (partial payment for San Francisco property) |

Michael Lacey          _____ NOT GUILTY          _____ GUILTY

John "Jed" Brunst          _____ NOT GUILTY          ☒ GUILTY

**Count 84:**

| Date | Amount | Description |
|---|---|---|
| July 20, 2016 | $12,859,152.57 | Arizona Bank & Trust (x1793) to Fidelity Title (partial payment for San Francisco property) |

Michael Lacey          _____ NOT GUILTY          _____ GUILTY

John "Jed" Brunst          _____ NOT GUILTY          ☒ GUILTY

**Count 85:**

| Date | Amount | Description |
|---|---|---|
| July 22, 2016 | $50,000.00 | National Bank of Arizona (x0178) to Strategic Storage Trust II |

Scott Spear          _____ NOT GUILTY          ☒ GUILTY

**Count 86:**

| Date | Amount | Description |
|------|--------|-------------|
| Aug. 2, 2016 | $16,243.00 | Cereus Properties (x6211) to Wells Fargo (x0495) |

Michael Lacey     _____ NOT GUILTY      _____ GUILTY

John "Jed" Brunst      _____ NOT GUILTY      _X_ GUILTY

**Count 87:**

| Date | Amount | Description |
|------|--------|-------------|
| Oct. 6, 2016 | $1,206,356.00 | Cereus Properties (x6211) to Charles Schwab (x4693) |

John "Jed" Brunst      _____ NOT GUILTY      _X_ GUILTY

**Count 88:**

| Date | Amount | Description |
|------|--------|-------------|
| Oct. 6, 2016 | $268,016.00 | Cereus Properties (x6211) to Arizona Bank & Trust (x1967) |

Michael Lacey      _____ NOT GUILTY      _____ GUILTY

John "Jed" Brunst      _____ NOT GUILTY      _X_ GUILTY

1

2  **Count 89:**

3

4
| Date | Amount | Description |
|------|--------|-------------|
| Oct. 6, 2016 | $268,016.00 | Cereus Properties (x6211) to Arizona Bank & Trust (x1972) |

5

6

7  Michael Lacey _____ NOT GUILTY _____ GUILTY

8  John "Jed" Brunst _____ NOT GUILTY \_\_X\_\_\_\_ GUILTY

9

10  **Count 90:**

11

12
| Date | Amount | Description |
|------|--------|-------------|
| Oct. 6, 2016 | $268,016.00 | Cereus Properties (x6211) to Arizona Bank & Trust (x1986) |

13

14

15  Michael Lacey _____ NOT GUILTY _____ GUILTY

16  John "Jed" Brunst _____ NOT GUILTY \_\_X\_\_\_\_ GUILTY

17

18  **Count 91:**

19

20
| Date | Amount | Description |
|------|--------|-------------|
| Oct. 6, 2016 | $268,016.00 | Cereus Properties (x6211) to Arizona Bank & Trust (x1991) |

21

22  Michael Lacey _____ NOT GUILTY _____ GUILTY

23  John "Jed" Brunst _____ NOT GUILTY \_\_X\_\_\_\_ GUILTY

24

25

26

27

28

1

2    **Count 92:**

3

4    | Date | Amount | Description |
|------|--------|-------------|
5    | Oct. 6, 2016 | $268,016.00 | Cereus Properties (x6211) to Arizona Bank & Trust (x2014) |
6

7    Michael Lacey         _____ NOT GUILTY         _____ GUILTY

8    John "Jed" Brunst     _____ NOT GUILTY         \_\_\_X\_\_\_ GUILTY

9

10   **Count 93:**

11

12   | Date | Amount | Description |
|------|--------|-------------|
13   | Oct. 6, 2016 | $141,444.00 | Cereus Properties (x6211) to National Bank of Arizona (x0178) |
14

15   Scott Spear           _____ NOT GUILTY         \_\_\_X\_\_\_ GUILTY

16   John "Jed" Brunst     _____ NOT GUILTY         \_\_\_X\_\_\_ GUILTY

17

18   **Count 94:**

19

20   | Date | Amount | Description |
|------|--------|-------------|
21   | Dec. 29, 2016 | $3,300,000.00 | Arizona Bank & Trust/Dubuque Bank & Trust to Johnson Bank (x9992) |
22

23   Michael Lacey         _____ NOT GUILTY         _____ GUILTY

24

25

26

27

28

**Count 95:**

| Date | Amount | Description |
|---|---|---|
| Dec. 29, 2016 | $3,300,000.00 | Arizona Bank & Trust/Dubuque Bank & Trust to Johnson Bank (x9992) |

Michael Lacey          _____ NOT GUILTY          _____ GUILTY

**Count 96:**

| Date | Amount | Description |
|---|---|---|
| Dec. 29, 2016 | $3,300,000.00 | Arizona Bank & Trust/Dubuque Bank & Trust to Johnson Bank (x9992) |

Michael Lacey          _____ NOT GUILTY          _____ GUILTY

**Count 97:**

| Date | Amount | Description |
|---|---|---|
| Dec. 29, 2016 | $3,300,000.00 | Arizona Bank & Trust/Dubuque Bank & Trust to Johnson Bank (x9992) |

Michael Lacey          _____ NOT GUILTY          _____ GUILTY

**Count 98:**

| Date | Amount | Description |
|---|---|---|
| Dec. 29, 2016 | $3,300,000.00 | Arizona Bank & Trust/Dubuque Bank & Trust to Johnson Bank (x9992) |

1    Michael Lacey            _____ NOT GUILTY            _____ GUILTY

2    **Count 99:**

3

4    | Date | Amount | Description |
     | --- | --- | --- |
5    | Jan. 3, 2017 | $16,500,000.00 | Johnson Bank (x9992) to Primus Trust Co./K&H Bank (Hungary) |
6

7    Michael Lacey            _____ NOT GUILTY            _____ GUILTY

8
     ### International Concealment Money Laundering
9    ### 18 U.S.C. § 1956(a)(2)(B)(i)
10   ### COUNT 100

11   **Count 100:**

12

13   | Date | Amount | Description |
     | --- | --- | --- |
14   | Jan. 3, 2017 | $16,500,000.00 | Johnson Bank (x9992) to Primus Trust Co./K&H Bank (Hungary) |

15

16   Michael Lacey            _____ NOT GUILTY            ✕ _____ GUILTY

17

18

19

20

21

22

23

24   11/16/2023                          #2
25   _____                _____
     DATE                            FOREPERSON JUROR NUMBER
26

27

28
                                    - 44 -